The Honorable Jay Bradford State Senator P.O. Box 8367 Pine Bluff, AR 71611-8367
Dear Senator Bradford:
I am writing in response to your request for my official opinion on the following questions:
 1. Does A.C.A. 14-359-105 require approval of "three-fourths (3/4) vote of the elected and qualified members of the city council" to add successor members or does the language found in (b)(2) allow successors to be appointed by a majority when it says, "subject to the approval of the council?"
 2. Would a mayor be allowed to cast a vote to pass legislation that is "subject to the approval of the city council?"
RESPONSE
With respect to your first question, I believe a ¾ vote of council members is required to confirm successor municipal airport commissioners, just as it is to confirm initial commissioners. Acts1949, No. 53, § 4. I believe the answer to your second question is "no."Id.
Question 1: Does A.C.A. 14-359-105 require approval of "three-fourths(3/4) vote of the elected and qualified members of the city council" toadd successor members or does the language found in (b)(2) allowsuccessors to be appointed by a majority when it says, "subject to theapproval of the council?"
Section 14-359-105 of the Code (Supp. 2003), which deals with the composition of municipal airport committees, provides:
 (a) The commissioners shall be appointed by the mayor and confirmed by a three-fourths (3/4) vote of the elected and qualified members of the city council.
 (b)(1) The commissioners first appointed and confirmed shall serve terms of one (1), two (2), three (3), four (4), and five (5) years, with two (2) commissioners serving terms of four (4) years and two (2) commissioners serving terms of five (5) years. The terms shall be designated by the mayor.
 (2) Upon the expiration of their respective terms, their successors shall be appointed by the mayor, subject to the approval of the council, for terms of five (5) years.
 (c) The commissioners shall file the oath required by law in the State of Arkansas.
 (d) For municipal airport commissions in existence on August 1, 1997, the initial terms of the two (2) new members shall be as follows:
 (1) One (1) new member shall serve an initial term of four (4) years; and
(2) One (1) new member shall serve an initial term of five (5) years.
(Emphases added.) You have asked whether the former of these highlighted passages in effect qualifies the latter, imposing a ¾ supermajority approval requirement upon the appointment of successor commissioners.
In my opinion, the legislative history of this statute dictates that this question be answered in the affirmative. This statute was enacted asAct 53 of 1949, section 4 of which provides in pertinent part:
 Said Commissioners shall be appointed by the Mayor by a three-fourths vote of the duly elected and qualified members of the city council, and shall hold office for a term of 5 years; provided that these Commissioners first appointed and confirmed after the passage of this Act, shall serve for terms of 1, 2, 3, 4 and 5 years each, to be designated by the Mayor and therefore upon the expiration of their respective terms, their successors shall be appointed by the Mayor subject to the approval of three-fourths of the duly elected and qualified members of the City Council for a term of 5 years. . . .
(Emphasis added.) This legislation confirms that the approval referenced in A.C.A § 14-359-105(b)(2) for the appointment of successors is the same ¾ supermajority mandated for initial appointments under A.C.A §14-359-105(a).
Question 2: Would a mayor be allowed to cast a vote to pass legislationthat is "subject to the approval of the city council?"
In my opinion, the answer to this question is "no" if you are specifically referring to the approval referenced in A.C.A §14-359-105(b)(2).
I believe the phrase "subject to the approval of the council" in A.C.A §14-359-105(b)(2) must be read in conjunction with the language in A.C.A § 14-359-105(a) providing that the confirmation of initial commissioners will be by "vote of the elected and qualified members of the city council." The mayor does not meet these qualifications. As reflected in the above excerpt from Act 53 of 1949, the legislature has expressly declared that successor commissioners, like the original commissioners, will be confirmed by "the duly elected and qualified members of the City Council." In Thompson, Mayor v. Younts, 282 Ark. 524, 530, 669 S.W.2d 471
(1984), the court offered the following in support of the conclusion that the mayor cannot be considered the equivalent of an elected alderman if a constitutional provision (and, by implication, a statute) specifically states that the elected city council members will vote on an issue:
 The court found that the mayor was not an elected member of the City Council but only an ex officio member by virtue of his executive position and therefore his vote could not be used in amending or repealing any part of an initiated act, and we concur.[1] First, he is not an elected alderman, but the mayor. Although the mayor may arguably be considered a member of the Council for certain purposes, there is nothing in the reading of that statute to indicate that he is an elected member of the Council. To the contrary, the elected aldermen are dealt with as a distinct entity and their duties delineated, while the mayor and his duties in relation to the council are listed separately.
Id. at 530.[2]
In my opinion, then, the mayor cannot vote to confirm his own proposed appointees. Contrast A.C.A §§ 14-43-501, 14-44-107 and 14-45-105 (affording mayors limited voting rights in cities of the first class, cities of the second class and incorporated towns, respectively); Ark. Op. Att'y Gen. No. 2004-193 (opining that a town mayor can vote to break a tie vote on an appointment when the only statute that might bear on the issue provides that the mayor may vote if his vote "is needed to pass any ordinance, bylaw, resolution, order, or motion"); compare Ark. Ops. Att'y Gen. Nos. 2002-034 (opining that absent a state law provision restricting a vote to elected council members, a mayor could vote to break a tie on a prospective appointment) and 2000-153 (opining that the mayor of a city of the first class cannot be counted as an elected member of the city council for the purpose of filling a vacancy on the city council).
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh
[1] At issue in Younts was whether a mayor could vote with the city council to repeal an initiated measure in light of the provision in Ark. Const. amend. 7 that the repeal would succeed only upon a 2/3 vote of "all the members elected to . . . the City Council."
[2] In my opinion, the specificity of A.C.A § 14-359-105(a) in mandating that only "the duly elected and qualified members of the City Council" can vote to add successor members to an airport marks an exception to the general rule applicable in cities of the second class and incorporated towns that the mayor may vote if his vote "is needed to pass any ordinance, bylaw, resolution, order, or motion." A.C.A §§14-44-107(a) and 14-45-105(a) (Repl. 1998). See Ark. Op. Att'y Gen. No.2004-193 (opining that a town mayor may vote to break a tie to fill a vacancy on the town council).